IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-252-BO-1
No. 5:09-CV-449-BO

| | |
|---|---|
| THOMAS ERECO CAMERON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, the Government's Motion to Dismiss is GRANTED.

INTRODUCTION

Petitioner Thomas Ereco Cameron waived indictment and pleaded guilty to possession with intent to distribute and distribution of more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The parties entered a written plea agreement stipulating that the quantity of cocaine was more than five but less than fifteen kilograms. The Government moved for a downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1, and Petitioner was sentenced to 210 months imprisonment, 5 years of supervised release, and a $100 special assessment. The Court found that Petitioner's total offense level was 32 based on a drug quantity of 5.5 kilograms of cocaine.

DISCUSSION

Petitioner sets forth two grounds for relief: (1) his counsel was ineffective for failing to file a motion to suppress certain evidence, and (2) the Government breached the plea agreement and he received a sentence based on information provided pursuant to the plea agreement.

Petitioner knowingly and voluntarily executed a plea agreement with the Government waiving Petitioner's right "to appeal whatever sentence is imposed ... and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon the grounds of ineffective assistance of counsel ... not known to the Defendant at the time of the Defendant's guilty plea." The Fourth Circuit Court of Appeals has already held that Petitioner's "appeal waiver is both valid and enforceable." Because Petitioner's § 2255 Motion indicates that Petitioner was aware of the potential to file a motion to suppress at the time of his guilty plea, Petitioner waived the right to raise the issue through the instant Motion. Petitioner contends in his response that he did not become aware of the potential to file a motion to suppress until after signing his plea agreement but before his arraignment. But Petitioner acknowledged that he understood the rights he waived by pleading guilty, that he waived the right to appeal, and that he was satisfied with the law work that had been done for him at his arraignment. As such, the Government's Motion to Dismiss is GRANTED with respect to Petitioner's claims of ineffective assistance of counsel.

The Fourth Circuit has already rejected Petitioner's claim that improper information was considered at sentencing. The Fourth Circuit specifically noted on Petitioner's direct appeal that "[w]hile USSG § 1B1.8 does not permit the use of self-incriminating information provided pursuant to a cooperation agreement to be used in the calculation of the guideline range, the

-2-

Case 5:07-cr-00252-BO   Document 61   Filed 06/01/10   Page 2 of 3

provision 'shall not be applied to restrict the use of the information . . . in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1.'" Here, Petitioner's offense level was calculated based upon a drug quantity of 5.5 kilograms - an amount consistent with Petitioner's guilty plea. The Fourth Circuit found that this Court considered Petitioner's protected statements only in addressing the Government's motion for substantial assistance. As such, the Government's Motion to Dismiss is GRANTED with respect to Petitioner's claims that his statements were improperly considered at sentencing.

## CONCLUSION

In sum, Petitioner has not set forth a claim upon which relief can be granted. Therefore, the Government's Motion to Dismiss is GRANTED. This matter is hereby DISMISSED. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurists would not find this Court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

SO ORDERED, this **30** day of May, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE